UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1710-SVW (AGR) | Date | March 5, 2020 |
|---|---|---|---|
| Title | Salvatori Avini v. City of Huntington Park Police Department et al | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff | | Attorneys Present for Defendants |
| None | | None |

**Proceedings:** **In Chambers: ORDER TO SHOW CAUSE WHY (1) THE COMPLAINT SHOULD NOT BE DISMISSED AS DUPLICATIVE OF PENDING ACTION FILE BY PLAINTIFF AND (2) PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**

On February 21, 2020, Plaintiff, who is proceeding *pro se*, filed a civil rights complaint against the City of Huntington Park Police Department and individual Defendants Detective Ozzie Cervantes, Lt. Neil Castelli and Chief Cosme Lozano in their individual and official capacities. The complaint alleges that Detective Cervantes "had a false story to arrest [Plaintiff] and tried to cover up the false story by getting false witness to lie for his story in court." Plaintiff complained to Lt. Costelli, who "encouraged the harassment." Chief Lozano "allowed his officers & detectives to break the law when I came to him." (Compl. at 4.) Plaintiff alleges violations of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. (*Id.* at 1.)

The court takes judicial notice of Plaintiff's pending complaint filed on January 17, 2020 in *Avini v. Detective Cervantes*, CV 20-541 SVW (AGR) (C.D. Cal.) (hereinafter "*Cervantes I*"). In that case, Plaintiff sued Detective Cervantes and the Huntington Park Police Department for violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. Plaintiff alleged that Detective Cervantes "ma[d]e up a story to violate my rights to arrest me put me in jail." At the criminal trial, Detective Cervantes "take[s] the stand and lies under oath on the transcript." (Compl. at 3.)

On February 13, 2020 in *Cervantes I*, the Court issued an Order Dismissing Complaint With Leave to Amend within 30 days after the Order. (Dkt. No. 6.) Plaintiff filed the complaint with a new case number in this action and a request to proceed *in forma pauperis* on February 21, 2020.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted). A district court has the option of dismissing the later-filed complaint without prejudice. *Id.* at 692 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1710-SVW (AGR) | Date | March 5, 2020 |
|---|---|---|---|
| Title | Salvatori Avini v. City of Huntington Park Police Department et al | | |

  To determine whether a suit is duplicative, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. In determining whether the two suits assert the same causes of action, the court considers four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" (*Id.*) (citation omitted).

  Although it is not clear, Plaintiff appears to be filing a complaint in this case that arises out of the same transaction and facts as in *Cervantes I*. Plaintiff does not allege the dates of the events or the trial at issue in either this case or *Cervantes I*. Nevertheless, Plaintiff alleges violation of the same constitutional rights and, in both cases, alleges Detective Cervantes had Plaintiff arrested based on false allegations by Cervantes, a witness, or both. If the two cases are based on the same events and trial, the two cases would likely be based on substantially the same evidence. Although Plaintiff names two additional individual defendants in this action, Plaintiff has leave to amend in *Cervantes I* and could seek to add the two additional individual defendants in that case.

  Accordingly, IT IS ORDERED that Plaintiff show cause in writing, on or before ***April 6, 2020*** why the complaint in this action should not be dismissed without prejudice as duplicative of *Cervantes I* and, therefore, why his request to proceed *in forma pauperis* in this action should not be denied. In his response to this Order to Show Cause, Plaintiff should explain whether the two complaints arise out of the same transactional events and involve substantially the same evidence, and whether he intends to add the two new defendants, Lt. Castelli and Chief Lozano, to *Cervantes I*.

                   Initials of Preparer    kl